UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN GREEN, individually and doing business as GREEN SOLUTIONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF YUBA, et. Al,<br><br>　　　　Defendants. | No. 2:18-cv-02234-JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND** |

　　On August 16, 2018, Justin Green ("Plaintiff") filed this action against Yuba County and several of its employees including Jeremy Strang, John Jacenich, and Melanie Marquez ("Defendants") who were involved in a nuisance abatement action against Plaintiff's property that took place in August 2017. See Compl. ¶¶ 8-10, 14-31, ECF No. 1.  Plaintiff has amended his complaint twice.  See First Am. Compl. ("FAC"), ECF No. 7; Second Am. Compl. ("SAC"), ECF No. 14.  Plaintiff now moves for leave to file a Third Amended Complaint ("TAC") to add Kevin Mallen ("Mallen") as a named defendant.  See Mot. to Am. ("Mot."), ECF No. 28.  Defendants oppose the motion.  See Opp'n, ECF No. 42. Plaintiff filed a reply.  See Reply, ECF No. 45.

1

For the reasons set forth below, the Court DENIES Plaintiff's Motion to Amend.[1]

## I. BACKGROUND[2]

On August 22, 2019, the Court issued an initial pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16(b) which established a cut-off date for joining additional parties and amending the complaint. See Sched. Order, ECF No. 24. Specifically, the scheduling order states: "No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." Id. at 1. In December 2020, the parties stipulated to continuing some of the Court's pretrial scheduling order deadlines but left the cut-off date for joining additional parties and making amendments unchanged. See Order Modifying Sched. Order Deadlines, ECF No. 27; see also Reply at 2 (acknowledging the deadline to amend pleadings was "the date of entry of the original scheduling order").

On November 13, 2020[3], Defendants served a supplemental initial disclosure, identifying Kevin Mallen as the individual who "oversaw the inspection and abatement at issue, as well as

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 27, 2021.

[2] The facts of the case are set forth in detail in the Court's prior Order. See Order on Mot. to Dismiss at 2-4, ECF No. 13. They will not be reduced into writing again here.

[3] Defendants claim this supplemental initial disclosure was served on November 11, 2020, see Opp'n at 3, while Plaintiff insists it was November 13, 2020, see Reply at 3. As explained below, even under Plaintiff's stated date, the Court finds Plaintiff was not diligent in seeking leave to amend.

2

presentation to the Board of the nuisance conditions." Whitefleet Decl. ¶ 4, ECF No. 42-1; see also Reply at 3 (acknowledging receipt of this document).

On December 15, 2020, Defendants provided Plaintiff with a transcript of the August 22, 2017 Board of Supervisors hearing, which reflects that during that hearing Mallen verbally identified himself by name and title – namely as the Yuba County Community Development Director – and cross-examined Plaintiff who was also present. Whitefleet Decl. ¶ 3; see also Ex. B to Whitefleet Decl.

Plaintiff, however, contends Mallen's "direct role" in the nuisance abatement action was not disclosed to him until "the deposition of non-party Christopher Monaco" which "occurred on April 22, 2021 and the transcript delivered on May 13, 2021." Mot. at 2.

## II.  OPINION

### A.  Legal Standard

Once the Court has filed a pretrial scheduling order, a party's motion to amend must satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" requirement. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). This requirement primarily looks to "the diligence of the party seeking the amendment." Id. at 609. "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." Id. But unlike Federal Rule of Civil Procedure 15's analysis, "the focus of the inquiry is upon the moving party's reasons for seeking modification."

Id. If the "[moving] party was not diligent, the inquiry should end." Id.

    B.   Rule 16(b)

Plaintiff argues he should be granted leave to amend the complaint to add Mallen as a named defendant because "the direct role Mr. Mallen played in the nuisance abatement action" was not "discovered until the deposition of nonparty Christopher Monaco on April 22, 2021 and receipt of his deposition transcript on May 13, 2021." Reply at 3; Mot. at 4. By filing this Motion on May 25, 2021, Plaintiff contends he was diligent. See Reply. Defendants counter that Plaintiff has been aware or at least should have been aware of Mallen's involvement in the abatement action for some time now, and thus, has not been diligent in seeking amendment. Opp'n at 4-6. As a result, Plaintiff has failed to establish good cause. The Court agrees.

Defendants disclosed Mallen's name to Plaintiff on November 13, 2020 in its supplemental initial disclosure. See Ex. C to Whitefleet Decl. In that disclosure, Defendant not only identified Mallen, but also described him as an individual likely to have discoverable information, noting that he "oversaw the inspection and abatement at issue, as well as presentation to the Board of the nuisance conditions." Id. at 2. Plaintiff acknowledges receipt of this supplemental disclosure. Reply at 3. Thus, as of November 2020, Plaintiff knew that Mallen was the Yuba County employee who oversaw the inspection and abatement at issue.

Further, on December 15, 2020, Defendants provided Plaintiff with a transcript of the August 22, 2017 Board of Supervisors'

4

hearing, indicating that Kevin Mallen verbally identified himself by name and title – namely as the Yuba County Community Development Director – at the hearing and cross-examined Plaintiff. Whitefleet Decl. ¶ 3; see also Ex. B to Whitefleet Decl.

In light of the November and December 2020 disclosures, Plaintiff's argument that he did not know of the direct role Mr. Mallen played until the deposition of Christopher Monaco strains credulity. Reply 2-5. By the end of 2020, Plaintiff clearly was on notice of the central role Mallen played; it was at that point, he should have moved for leave to amend. Waiting until May 25, 2020 - almost six months later – to bring this motion to amend is not diligent. See Johnson, 975 F.2d at 610 (affirming the district court's finding that waiting four months after deadline set forth in the scheduling order passed was not diligent and failed to establish good cause); see also Experexchange, Inc. v. Doculex, Inc., No. C-08-03875-JCS, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009)(finding delay of two months after discovering new facts did not meet the Rule 16 good cause standard).

The Court further notes that were Plaintiff granted leave to amend at this late stage, after discovery has closed and trial has been set for November 8, 2021, Defendants would suffer prejudice. Opp'n at 7-8. Any amendment would cause delay and hinder Defendants' ability to prepare for trial. Id.

Plaintiff's lack of diligence thus prevents him from making the requisite showing of "good cause" under Rule 16(b) here. Under Johnson, the inquiry properly ends there. See 975 F.2d at

1  609 (instructing that if the "[moving] party was not diligent,
2  the inquiry should end."). Accordingly, the Court does not reach
3  the parties' additional arguments regarding the statute of
4  limitations and relation back, see Opp'n at 6-7; Reply at 6, nor
5  those regarding the Forman factors, see Opp'n at 7-8; Mot. at 4.
6      C.   Sanctions
7      A violation of the Court's standing order requires the
8  offending counsel (not the client) to pay $50.00 per page over
9  the page limit to the Clerk of Court. Order re Filing
10 Requirements at 1, ECF No. 3-2. Moreover, the Court does not
11 consider arguments made past the page limit. Id.
12     Plaintiff's reply brief exceeds the Court's page limit by 2
13 pages. See Reply. Plaintiff's counsel must therefore send a
14 check payable to the Clerk for the Eastern District of California
15 for $100.00 no later than seven days from the date of this Order.

                          III.   ORDER

18     Because Plaintiff has failed to show good cause for his
19 dilatory motion to amend, the Court DENIES Plaintiff's Motion to
20 Amend.
21     IT IS SO ORDERED.
22 Dated: July 30, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE